UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81442-CIV-MARRA/JOHNSON

THE REGENCY OF PALM BEACH, INC.,
a Florida corporation

    Plaintiff

vs.

QBE INSURANCE CORPORATION,
a foreign corporation

    Defendant.
_____/

## ORDER AND OPINION ON MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Counts I and IV of Plaintiff's Complaint [DE 9] pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is fully briefed and ripe for review. The Court has carefully considered the relevant filings and is otherwise fully advised in the premises. This Court's jurisdiction is founded in diversity pursuant to 28 U.S.C. § 1332.

On October 24, 2005, Hurricane Wilma affected South Florida. Plaintiff, the Regency of Palm Beach, Inc. ("Regency"), is a five story residential cooperative building located in Palm Beach County, Florida. Regency alleges that it sustained significant hurricane damage to its property as a result of Hurricane Wilma. Compl. ¶ 10. Regency filed a claim with its property insurance carrier, QBE Insurance Corporation ("QBE"), alleging damage to the property caused by wind and water. Regency commenced this civil action claiming that more than three years after

Hurricane Wilma, Defendant QBE has failed to provide Regency with any estimate of damages, and has failed to adjust, pay, settle or even deny Regency's claims, despite its obligations to do so under Chapter 627.70131, Fla. Stat., and the insurance contract ("Contract").  Compl. ¶ 14.

The Complaint alleges four causes of action:  Declaratory Judgment (Count I); Breach of Contract (Actual Cash Value) (Count II); Breach of Contract (Replacement Cost Value) (Count III); and Breach of Implied Warranty of Good Faith and Fair Dealing (Count IV).  QBE moves to dismiss Count I for failure to properly plead a statement of facts for which declaratory judgment could be sought, and to dismiss Count IV arguing that a claim for breach of the implied warranty of good faith and fair dealing is premature and must fail.

**Standard of Review**

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed.R.Civ.P. 8(a).  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal

citations omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In deciding whether to entertain a declaratory judgment action, district courts are provided "ample" discretion. *See Kerotest Manufacturing, Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183-84 (1952) ("an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts" in their decision to adjudicate declaratory judgment claims).

## Discussion

### Declaratory Judgments Act

Count I of the Complaint asks the Court to enter a declaratory judgment:

(a) that the insurance contract is valid and enforceable;

(b) that pursuant to the terms and conditions of the insurance contract, Regency has a valid and enforceable right to coverage, and to a determination of the total amount of all damages Regency sustained from Hurricane Wilma notwithstanding QBE's failure to timely adjust, pay and/or settle Regency's claim;

(c) determining the total amount of the loss and damages caused by Hurricane Wilma to Regency;

(d) that Regency be awarded supplemental relief to fully compensate Regency for all of its hurricane related damages under Chapter 86, Florida Statutes; and

(e) a declaration that the insurance contract fails to comply with § 627.701(1)(a-b), Fla. Stat. and § 627.701(4)(a), Fla. Stat.; therefore the provision concerning co-insurance and a separate hurricane deductible are void and unenforceable.

Compl. ¶ 19.  This count can be divided into three subcategories: sections (a) and (b) seek a judicial declaration regarding the enforceability of the Contract; sections (c) and (d) relate to QBE's alleged breach of the Contract; and section (e) seeks a declaration regarding co-insurance and the hurricane deductible.  The Court will address each subcategory separately.

**Declaring Insurance Contract Valid and Enforceable**

QBE moves to dismiss sections (a) and (b) of Count I arguing that the Declaratory Judgment Act may not be invoked unless there is a bona fide dispute between the adversaries and, in this instance, there is no bona fide or practical need for a declaration as QBE has never attempted to rescind or cancel the subject policy.  Indeed, QBE stipulates in its motion, in bold lettering, that the insurance contract is valid and enforceable, subject to any of the contract's conditions, limitations and exclusions.  This stipulation, of course, is not properly before the Court.[1]

Regency defends its right to bring sections (a) and (b) asserting that QBE's actions have raised doubt and insecurity in Regency regarding the validity, enforceability and scope of the insurance Contract.  Regency argues it is entitled to a

---

[1] QBE is certainly aware that when a motion to dismiss is based on failure to state a claim, the Court must either limit itself to the allegations within the pleading or, at its discretion, treat the motion as one for summary judgment and provide adequate notice as required by Rule 56(c).  Fed.R.Civ.P. 12(b); *Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. Appx. 52, 53 (11th Cir. 2006); *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (review of facial challenges is limited to the four corners of the complaint).

declaratory judgment that the insurance Contract and Florida law require QBE to timely adjust, pay or settle Regency's hurricane damage claims.

Under Chapter 86, "[a]ny person claiming to be interested or who may be in doubt about his or her rights" under a contract ... "may have determined any question of construction or validity ... and obtain a declaration of rights, status, or other equitable or legal relations thereunder." Fla. Stat. § 86.021. The purpose of the declaratory judgment chapter "is to settle and to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations and is to be liberally administered and construed." Fla. Stat. § 86.101. Parties to a declaratory judgment action must "have or reasonably may have an actual, present, adverse, and antagonistic interest in the subject matter, either in fact or law." *Coalition for Adequacy & Fairness in School Funding, Inc. v. Chiles*, 680 So.2d 400, 404 (Fla. 1996). *See also Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999) (a claim for declaratory judgment is properly pled when it alleges facts showing that there is a "substantial continuing controversy between two adverse parties").

In order to support a claim for declaratory judgment under § 86.021, a party must allege the following elements:

(1) a bona fide adverse interest between the parties concerning a power, privilege, immunity or right of the plaintiff;

(2) the plaintiff's doubt about the existence or non-existence of his rights or privileges; and

(3)    that he is entitled to have the doubt removed.

*Floyd v. Guardian Life Ins. Co.*, 415 So.2d 103, 104 (Fla. Dist. Ct. App. 1982); *see also Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC*, 08-80017-Civ, 2009 WL 901500 (S.D. Fla. Mar. 30, 2009) ("[t]he purpose behind the Declaratory Judgment Act is to afford a form of relief from uncertainty and insecurity with respect to rights, status, and other legal relations") citing *Casulaty Indem. Exch. v. High Croft Enter.*, 714 F.Supp. 1190, 1193 (S.D. Fla. 1989).

First, a "bona fide adverse interest" is established when a plaintiff makes a claim that it was insured under the defendant's insurance policy. *Floyd*, 415 So.2d at 104. Here, it is alleged that Regency's property is insured by a QBE policy. Second, if the insurer's acts regarding coverage make the plaintiff uncertain about its status under the policy, then the plaintiff is "entitled to have that status determined." *Id*. at 105. Regency alleges that QBE has failed to investigate, adjust, pay or settle Regency's claims and therefore QBE's actions have created doubt as to Regency's right to receive payment on its claims.

The Court finds that with respect to sections (a) and (b), Regency has adequately pled an actual controversy. Specifically, Regency alleges that it has submitted its claim for hurricane damages, yet more than three years after Hurricane Wilma, QBE "has failed to provide Regency with any estimate of damages, has failed to adjust, pay or settle Regency's claim, and/or even deny coverage for Regency's hurricane damage claims." Compl. ¶ 14. This failure to act is sufficient for Regency

to infer the existence of a dispute as to its right to coverage under the insurance policy. *Quadomain Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 07-60003, 2007 WL 1424596 (S.D. Fla. May 14, 2007). Moreover, Regency is entitled to have its doubt about the existence or non-existence of its rights or privileges removed. The motion to dismiss sections (a) and (b) of Count I is denied.

**Coinsurance[2] and Deductible**

Moving to section (e) of Count I, Regency alleges that there is a need for a judicial declaration that the insurance Contract fails to comply with §§ 627.701(1)(a-b) and(4)(a), Fla. Stat., rendering the provisions concerning co-insurance and a separate hurricane deductible void and unenforceable. The same analysis articulated above applies to Regency's request in section (e).

Accepting Regency's allegations as true, as the Court must on the instant motion, three years have passed and QBE has still not investigated, adjusted, paid or settled Regency's claims. This allegation states a legitimate concern whether QBE might seek to use every available means to reduce the amount of payment that might be due under the Contract. QBE's alleged inaction is sufficient for Regency to infer the existence of a dispute as to its right to coverage and the amount of any potential recovery under the insurance policy. Regency is also entitled to have its doubt about

---

[2] A coinsurance clause is a provision in an insurance policy requiring a property owner to carry separate insurance up to an amount stated in the policy to qualify for full coverage. Black's Law Dictionary 278 (8th ed. 2004).

the applicability and enforceability of these provisions removed.  The motion to dismiss section (e) of Count I is denied.

**Determining the Amount of Loss**

QBE moves to dismiss sections (c) and (d) arguing that these are not a proper basis for declaratory relief, and are duplicitous of the relief sought in Regency's breach of contract counts.  The Court agrees.  Regency does not state any specific right to which there is doubt, but is asking the Court to determine whether the Contract has been breached and if so, to judicially declare the amount of damages.  This is an inappropriate prayer for relief in a cause for declaratory relief.  Damages will be resolved via Regency's breach of contract claims in Counts II and III of the Complaint.  *See Eisenberg, M.D. v Standard Ins. Co.*, 09-80199-Civ, 2009 WL 1809994 (S.D. Fla. June 25, 2009); *Sierra Equity Group, Inc. v. White Oak Equity Partners, LLC*, 08-80017-Civ, 2009 WL 901500 (S.D. Fla. Mar. 30, 2009) (dismissing claim for declaratory judgment that sought solely to adjudicate past conduct).  "The point of a declaratory judgment is to permit 'actual controversies to be settled before they ripen into violations of law,' not to adjudicate past conduct." *Great Lakes Reinsurance (UK) PLC v. TLU Limited*, 07-61259-Civ, 2008 WL 828122 (S.D. Fla. Mar. 27, 2008).  Therefore, the court dismisses sections (c) and (d) of Count I without prejudice to Regency amending its complaint to seek a declaratory judgment that does not involve a determination of factual questions regarding whether a breach of contract has been committed in the past.

**Breach of the Implied Warranty of Good Faith and Fair Dealing**

Regency claims in Count IV that QBE has breached the implied covenant of good faith and fair dealing by delaying and failing to reasonably value the losses or damage Regency sustained during Hurricane Wilma.  Compl. ¶ 61.  The Contract in this case does not specify a time frame within which QBE must adjust or value Regency's claim.  Regency argues that "[i]n this case, the implied warranty of good faith and fair dealing 'filled the gap' in the Insurance Contract and required QBE to adjust the claim within a reasonable amount of time by someone acting in good faith and who is dealing fairly."  DE 11 at 16.

The applicability of the implied covenant of good faith in contract disputes has generated considerable disagreement in the courts.  "Indeed, consistency is hard to find even within an individual judicial district.  In the Southern District of Florida, cases having very similar facts have come to very different conclusions." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315-16 (11th Cir. 1999).  The dismissal of claims for breach of implied covenant of good faith and fair dealing has been affirmed where there were no allegations that an express term of the contract was breached.  *See e.g., Burger King Corp. v. E-Z Eating, 41 Corp.*, __ F3d.__, No. 08-15078, 2009 WL 1856744 (11th Cir. June 30, 2009); *Centurion Air Cargo, Inc. v. United Parcel Svc. Co.*, 420 F.3d 1146, 1152 (11th Cir. 2005) (breach of the implied covenant of good faith and fair dealing is not an independent cause of action but attaches instead to the performance of a specific contractual obligation); *Burger King Corp. v. Weaver,* 169

F.3d 1310, 1316 (11th Cir. 1999). The breach of the implied covenant of good faith and fair dealing is not an independent cause of action but attaches instead to the performance of a specific contractual obligation. *Centurion Air Cargo*, 420 F.3d at 1151; *Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 896 So.2d 787, 792 (Fla. Dist. Ct. App. 2005). In the present case, Count IV for breach of the implied covenant of good faith and fair dealing must fail as a matter of law because Regency cites no express provision of the Contract that had been breached. Under Florida law, Regency's failure to identify an express contractual provision that has been breached dooms its claim for breach of the implied covenant. *Weaver*, 169 F.3d at 1318.

      The Court also notes that the factual allegations underlying this claim are based upon QBE's failure to fairly and promptly perform under its obligations in the Contract. A breach of the implied covenant of good faith and fair dealing cannot be advanced when the allegations underlying that claim are duplicative of the allegations supporting the breach of contract claim, as they are here. *Brueggemann v. NCOA Select, Inc.*, No. 08-80606-CIV, 2009 WL 1873651, *6 (S.D. Fla. June 30, 2009); *Bradman v. Mental Health Network, Inc.*, No. 08-61376-CIV, 2008 WL 5110525, *2 (S.D. Fla. Dec. 2, 2008); *Enola Contracting Svcs, Inc. v. URS Group, Inc.*, No. 5:08cv2-RS-EMT, 2008 WL 1844612, at * 3 (N.D. Fla. Apr. 23, 2008); *Trief v. American General Life Ins. Co.*, 444 F. Supp. 2d 1268, 1270 (S.D. Fla. 2006); *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1319 (M.D. Fla. 2000).

If Regency attempts to re-plead this count, it must identify the express contractual provision allegedly breached and must take care not to duplicate the allegations supporting the breach of contract claim.  Therefore, Count IV is dismissed without prejudice.  Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Counts I and IV of Plaintiff's Complaint [DE 9] is GRANTED in part and DENIED in part.  It is granted as to Count I, sections (c) and (d) and Count IV, without prejudice.  It is denied as to Count I, sections (a), (b) and (e).  Regency shall filed an amended complaint within 15 days of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of August, 2009.

_____
KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record